In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-500 CR


____________________



WILLIAM JEFFERY STALLWORTH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause No. 03-187753






 MEMORANDUM OPINION 



 A jury convicted appellant William Jeffery Stallworth of boating while intoxicated. 
See Tex. Pen. Code Ann. § 49.06 (Vernon 2003). The jury sentenced Stallworth to 180
days of confinement in the Montgomery County Jail and fined him $180.00. In two issues,
Stallworth asserts the trial court committed error in allowing evidence of an extraneous
offense, and that the evidence is factually insufficient to support his conviction. Finding no
error, we affirm.

 Game Wardens Brannon Meinkowsky, Justin Hurst, and Intern Ellis Powell observed
Stallworth driving a boat at a high rate of speed. While approaching the boat after it stopped,
Warden Meinkowsky grabbed the boat and felt a wet and slightly sticky substance that he
assumed was an alcoholic beverage based on its odor. Intern Powell also held the boat, saw
beer on the side of the boat, and felt beer running down his hand. 

 When Warden Hurst boarded the boat, he smelled alcohol on Stallworth's breath and
observed that Stallworth's eyes were watery. The wardens noticed beer and bottle caps on
the floor of the boat. Warden Hurst asked Stallworth if he had been drinking and Stallworth
replied, "No. Absolutely nothing. I don't drink." 

 Warden Hurst administered three boat sobriety tests on Stallworth. Stallworth had to
recite the alphabet without singing. Warden Hurst testified:

 The Defendant did the following: A B C D E F G H I J K L M N O, there was
a pause, I J K L M, there's another pause, and then Q S T. [H]e said he was
unable to continue, he was unable to do his ABCs. 


Stallworth also had to count backwards from thirty-seven to seventeen. Stallworth performed
this test by stating, "37 36 35 34 33 32 31 29 30 29 21 19 18 17 16 15 14." Stallworth also
had to perform a finger count test. According to Warden Hurst, "[Y]ou start with your
thumb, count one, two, three, four, four, three, two, one, one, two, three, four, four, three,
two, one." Warden Hurst testified Stallworth tried to perform the test but he was not
successful in completing the test. When Warden Hurst asked Stallworth to perform the palm
pat exercise, he refused to perform the test. Warden Hurst testified that based on Stallworth's
performance on the sobriety tests, his slurred speech, his swaying, his watery eyes, the
alcoholic odor on his breath, and the beer located on the boat, he determined Stallworth had
lost the normal use of his mental and physical faculties. 

 When asked to put on his life vest and board the wardens' boat, Stallworth had
difficulty putting on and buckling the vest. Upon arriving at the dock, Stallworth had
difficulty moving from the boat to the dock. Warden Hurst had to "help [Stallworth] out of
[the] boat due to his apparent lack of balance." Stallworth "seemed off balance and swayed
while walking to the office." Intern Powell testified that Stallworth "had an unsteady gait." 
Upon arriving at the building, Stallworth refused to perform more field sobriety tests. 
Stallworth also refused to take a breath test or sign a form acknowledging his refusal to take
the test. 

 Warden Hurst and Intern Powell inventoried Stallworth's boat and found an ice chest
filled with "three unopened Corona beer bottles, one empty Corona beer bottle, four Corona
beer bottle caps, one open . . . Miller Lite beer bottle, one empty Miller Lite beer bottle, one
Miller Lite beer bottle cap, and one plastic cup that was half full of beer." In front of the
steering wheel, near the radio, Warden Hurst found a roach clip with residue, the top of a
cologne bottle with ash residue that smelled like marihuana, a lighter, and a box of cigarettes. 

 Lisa Poret, Stallworth's sister, testified she and her friends used the boat earlier in the
day. Poret docked the boat on the lake near Stallworth's home and called him so he could
locate the boat and move it. Poret testified she had beer on the boat. 

 In issue one, Stallworth argues the trial court erred in allowing evidence of extraneous
acts in the form of testimony regarding the marihuana and drug paraphernalia found in the
boat. The trial court allowed Warden Hurst to testify that he found a roach clip on
Stallworth's boat, and the clip contained residue that smelled like marihuana. 

 "An extraneous offense is any act of misconduct, whether resulting in prosecution or
not, that is not shown in the charging papers." Manning v. State, 114 S.W.3d 922, 926 (Tex.
Crim. App. 2003). It is an offense that is "extra, beyond, or foreign to the offense for which
the party is on trial." Id. at 926-27. It is an offense for which the defendant has no notice he
will be called upon to defend against it. Id. at 927.

 Stallworth was charged with operating a watercraft while intoxicated. See Tex. Pen.
Code Ann. § 49.06. In the charging instrument, "intoxicated" was defined as "not hav[ing]
the normal use of . . . mental and physical faculties by reason of the introduction of alcohol,
a controlled substance, a drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into [the] body[.]" Testimony regarding a roach clip with
residue that smells of marihuana was not evidence of an extraneous offense; it was evidence
of the charged offense of intoxication by reason of a drug, alcohol, or a combination of both. 
See Manning, 114 S.W.3d at 927. Because Stallworth was charged with intoxication by drug
use, he had notice that such evidence would be offered. See id. Issue one is overruled.

 In his second issue, Stallworth challenges the factual sufficiency of the evidence to
support his conviction. The Court of Criminal Appeals has recently restated the standard for
reviewing factual sufficiency as follows:

 There is only one question to be answered in a factual-sufficiency review: 
Considering all of the evidence in a neutral light, was a jury rationally justified
in finding guilt beyond a reasonable doubt? However, there are two ways in
which the evidence may be insufficient. First, when considered by itself,
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt. Second, there may be both evidence supporting
the verdict and evidence contrary to the verdict. Weighing all the evidence
under this balancing scale, the contrary evidence may be strong enough that
the beyond-a-reasonable-doubt standard could not have been met, so the guilty
verdict should not stand. This standard acknowledges that evidence of guilt
can "preponderate" in favor of conviction but still be insufficient to prove the
elements of the crime beyond a reasonable doubt. Stated another way,
evidence supporting guilt can "outweigh" the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard.

 

Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004) (footnote omitted). We
must give due deference to the jury's determination concerning the weight and credibility of
the evidence, and we will reverse the jury's determination only to arrest the occurrence of a
manifest injustice. Brewer v. State, 126 S.W.3d 295, 297 (Tex. App. -- Beaumont 2004, pet.
ref'd) (citing Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003)).

 Additional evidence exists that may be considered contrary to the verdict. Warden
Hurst's testimony regarding his incident report indicated Stallworth displayed no unusual
actions, the color of his face was normal, and he had a talkative attitude. Stallworth told
Warden Hurst he last visited a doctor for allergies, and argues his allergies caused his eyes
to water. Warden Hurst testified he did not see who put the beers in the ice chest and he did
not find any bottle openers during the inventory. Warden Hurst testified there was no DNA
test conducted on the cup to determine whether Stallworth drank beer from it. Warden Hurst
testified Stallworth did not go to the bathroom during the two hours he was detained and that
in some people, frequent urination is a symptom of alcohol consumption. 

 Warden Hurst testified the roach clip was not tested for marihuana residue. Warden
Hurst also testified that roach clips are used to hook wires to electrical connections and he
was aware that Stallworth was an automobile technician. Warden Hurst did not charge
Stallworth with possession of marihuana because he did not find any marihuana. 

 Reviewing all the evidence in a neutral light, we conclude that the evidence
supporting the verdict, taken alone, is not too weak to support the finding of guilt beyond a
reasonable doubt and that the contrary evidence is not so strong that guilt cannot be proven
beyond a reasonable doubt. See Zuniga, 144 S.W.3d at 484-85. The wardens found beer,
bottle caps, and drug paraphernalia on Stallworth's boat, smelled alcohol on Stallworth's
breath, and observed Stallworth's watery eyes, slurred speech, and lack of normal balance
while walking. In addition, Stallworth failed to successfully perform three field sobriety
tests. The evidence was sufficient to find Stallworth guilty of boating while intoxicated. See
Tex. Pen. Code Ann. § 49.06. Issue two is overruled and the judgment is affirmed.

 AFFIRMED.

 ___________________________

 HOLLIS HORTON

 Justice


Submitted on August 1, 2005

Opinion Delivered August 31, 2005

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.